UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**JAMES T. COLE, JR,**

        Plaintiff,

      v.                                             CIVIL ACTION NO. 5:23-CV-238
                                                            Judge Bailey

**WARDEN RAY**, Warden of FCI Hazelton,
**MR. BARNES,** Case Manager Cooranator
(C.M.C.), and **UNKNOWN,** Post Master
General,

        Defendants.

## REPORT AND RECOMMENDATION

### I. Background

Plaintiff James T. Cole, Jr. filed the above-styled action on June 26, 2023, as a "civil rights" complaint based on the alleged mishandling of his legal mail by officials at FCI Hazelton and the United States Post Office. [Docs. 1; 1-1]. He has paid the filing fee and filed a Motion requesting that the United States Marshal execute service of process, which Motion is currently pending before the Court. [Doc. 12]. The case is now before the Court for an initial review pursuant to 28 U.S.C. § 1915A(b)(1)-(2).

### II. The Complaint

The plaintiff alleges that his mail, more specifically his "legal" mail, as well as that of other inmates at FCI Hazelton, is being stolen, tampered with, and/or deliberately

1

mishandled in violation of his First, Fourth, and Fourteenth Amendment rights. [Doc. 1-1 at 2, 3, 6]. He has named Warden Ray and Case Manager Coordinator (CMC) Barnes as defendants, along with the unknown "Postmaster General" at Bruceton Mills, West Virginia, where FCI Hazelton is located. [Doc. 1]. According to the Complaint, the defendants Ray and Barnes "have control over all employees" who are charged with the handling and processing of inmate mail, and thus have "some type of control over" all the acts alleged. [Doc. 1-1 at 2]. He alleges that defendant Warden Ray "oversees" defendant Barnes and "has knowledge of mail issues at Hazelton." [Doc. 1 at 7, 1-2 at 1]. Plaintiff further asserts that Defendant CMC Barnes "oversees" the mailroom at FCI Hazelton, has failed in his duty to see that mail is processed properly, and that he refuses to comply with BOP policies and directives governing inmate mail. [Doc. 1 at 8, 1-2 at 1]. The Complaint also alleges that the defendant Postmaster General, apparently because of complaints made by inmates, knows "for a fact" that "FCI Hazelton mailroom employees steal, delay, [and] destroy inmates legal and regular mail," and that he has "taken no steps to resolve this problem." [Doc. 1 at 8]. On July 10, 2023, the plaintiff moved the Court for leave to add Supervisory Correctional Systems Specialist (SCSS) "Ms. Thorn" as a defendant, since she "supervises" the defendant C.M.C Barnes in the mailroom. [Doc. 10]. This Motion is also currently pending before the Court. [Doc. 10].

      The plaintiff has attached, and subsequently filed, numerous documents in support of his Complaint that contain further claims regarding the alleged mishandling of his mail, and which can be characterized, at best, as overall conclusory and speculative. He claims that the defendants' failure to "exercise the required degree of skill and care to see that inmates receive their mail-legal mail in a timely fashion" has resulted in a denial of his

right to access the courts and "redress the wrongs" and is also tantamount to an "illegal seizure" of his legal mail, in violation of his constitutional rights. [Docs. 1 at 9; 1-1 at 3]. He claims to have been injured because he was unable to "process" two "legal proceedings" in which he was involved, specifically **Cole v. DOJ** (1:21-cv-4436-LMM N.D. Ga) and **U.S. v. Cole** (91-570-02 E.D. Pa.), and that he "lost the civil cases and one criminal case" due to the defendants' violation of his civil rights because the mailroom at FCI Hazelton "refuses to simply send-out mail in a timely fashion and/or deliberately stole legal mail." [Docs. 1 at 9; 1-1 at 3]. He seeks injunctive relief in the form of an Order directing the defendants to implement various institutional measures at FCI Hazelton regarding the delivery of inmate mail, as well as both compensatory and punitive monetary damages. [Docs. 1; 1-1 at 7; 1-3]. Pending before the Court is also a "Motion to Correct Procedures," requesting leave of Court to submit "additional" filings. [Doc. 11]. Most recently, the plaintiff has filed a Motion requesting the Court to Order discovery, which is also currently pending before the Court. [Doc. 18].

### III. Standard of Review

As a complaint in which a prisoner "seeks redress from a governmental entity or officer or employee of a governmental entity," it is first of all subject to screening under 28 U.S.C. § 1915A(a)(b)(1)-(2), which requires the Court to conduct an initial review and "dismiss the complaint, or any portion of the complaint," if it is frivolous, fails to state a claim on which relief may be granted, or "seeks monetary relief from a defendant who is immune from such relief." In conducting such a review, the court must construe the pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. **Estelle v. Gamble**, 429 U.S. 97, 106, 97 S.Ct. 285 (1976); **Haines v.**

***Kerner,*** 404 U.S. 519, 520-21, (1972) (per curium); ***Erickson v. Pardus***, 551 U.S. 89, (2007).  Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court, and even under this less stringent standard, a *pro se* complaint is still subject to dismissal. ***Weller v. Dept. of Soc. Services***, 901 F.2d 388, 391 (4th Cir. 1990); ***Haines***, supra, at 520–21.  Rule 8(a) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," but a  plaintiff's obligation in pleading nonetheless "requires more than labels and conclusions," and "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." ***Bell Atlantic Corp. v. Twombly***, 550 U.S. at 555, 570 (2007).  Thus, a plaintiff must state a plausible claim which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations. ***Staats v. West Virginia Department of Corrections and Rehabilitation***, 2022 WL 1164420 (N.D. W.Va.  Feb. 10, 2022).

## IV. Analysis

At the outset, the Court notes that while the plaintiff purports to be proceeding under 42 U.S.C. § 1983 and alleges that the defendants are acting under color of state law [Doc. 1-1 at 6], the named defendants are officers of the Federal Bureau of Prisons and the postmaster of the United States Post Office at Bruceton Mills, none of whom are state actors.  Accordingly, as a claim against federal defendants who are alleged to have acted in violation of the plaintiff's constitutional rights, his case is more properly construed as an action under ***Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics***, 403 U.S. 388 (1971), and the Court will accordingly proceed with its review

pursuant to the established *Bivens* standard of review. *See **Bedney v. Hagston***, 846 F.2d 69 (Table),1988 WL 41131, *affirming **Bedney v. Hagston***, C/A 87-997 (S.D. W.Va. Sept. 3, 1987).

The undersigned has accordingly conducted the requisite review of the plaintiff's complaint pursuant to 28 U.S.C. § 1915A, and for the reasons set forth below, determines that it fails to state a claim for which relief can be granted as to any of the defendants herein. The undersigned further concludes that the plaintiff has not satisfied even the most basic threshold pleading requirements for stating a viable constitutional claim and that his case therefore is subject to dismissal for failure to state a claim.[1]

Initially, it is noted that the plaintiff has failed to sufficiently allege a level of involvement for any of the named defendants to show how they purportedly violated his constitutional rights. While the underlying allegations of his Complaint regarding the thefts and mishandling of his mail are speculative at best, the plaintiff nonetheless does not allege that any of the defendants personally confiscated any of his legal mail, or that any of them personally interfered with his ability to litigate his cases. Rather, he appears to have named, at least the BOP defendants, based on a theory of supervisor liability. Other than bare-boned conclusory statements that the defendants' duties were to "oversee" not

---

[1] The undersigned recognizes the recent Supreme Court decision in ***Egbert v. Boule***, -- U.S.--, 142 S.Ct. 1793 (2022) further narrowing the expansion of ***Bivens*** and the "highly restrictive" analysis that the Fourth Circuit has directed be applied post-***Egbert*** in deciding whether a complaint may proceed as an implied cause of action under ***Bivens*** (See ***Tate v. Harmon***, 54 F. F.4th 839, 843-44 (4th Cir. 2022)), but determines that since the initial screening discloses that the complaint herein, on its face, fails to meet the threshold requirements for pleading a ***Bivens*** action, this deficiency, in and of itself, is dispositive to the case, obviates the necessity for the two-step "new context" and "special factors" analysis, and supports dismissal of the complaint.

only other defendants, but also other un-named actors, and that they failed to perform those duties, or failed to supervise, or properly "oversee" others who were allegedly committing the acts complained of, there are no factual allegations specific to these defendants claiming that they personally participated in the alleged constitutional violations. The law is well-established that **Bivens** is "not designed to hold officers responsible for the acts of their subordinates." **Ziglar v. Abbasi**, 582 U.S. 120, 141 (2017) (citing **Ashcroft v. Iqbal**, 556 U.S. 662, 676 (2009)). Supervisors may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*, or vicarious liability, and a plaintiff must plead that "each Government-official defendant, through the official's *own* individual actions, has violated the Constitution." **Ashcroft v. Iqbal**, 556 U.S. 662, 676 (2009) (emphasis added). The plaintiff herein has made no such claims.

Moreover, even assuming that he is, in fact, attempting to assert a claim based on a supervisory liability theory, he has neither pled nor alleged any facts sufficient to show: (1) that these defendants had actual or constructive knowledge that their subordinates were engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to the plaintiff; (2) that their response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices;" or (3) that there was an "affirmative causal link" between their inaction and the particular constitutional injury the plaintiff allegedly suffered. See **Dabney v. Bledsoe**, 2006 WL 1376903 (N.D. W.Va. May 17, 2006) (citing **Shaw v. Strou**, 13 F.3d 791, 799 (4th Cir. 1994). The plaintiff herein has failed to make any such showing to support a claim of supervisory liability. It simply is not enough to allege, without more, that these defendants

had "some type of control" over other unidentified FCI staff members about whom the plaintiff is generally complaining.

With respect to the unnamed defendant postmaster, the plaintiff alleges no conduct at all, unconstitutional or otherwise, beyond similar conclusory and bare-bones statements that this defendant had knowledge about the acts complained of herein that were allegedly occurring at the FCI Hazelton mailroom and that he did nothing about it. [Doc. 1 at 8]. The plaintiff has likewise identified no basis upon which this defendant had any authority, position, or responsibility to be involved in the internal operation of the BOP-operated mailroom at FCI Hazelton, and as such, the claim against the postmaster is on its face one against this defendant in his or her official capacity. As such, the postmaster is not a proper defendant herein, as sovereign immunity precludes a ***Bivens*** action against public officials acting in their official capacity. ***Randall v. United Sattes***, 95 F.3d 339 (4th Cir. 1996, *cert. denied*, 519 U.S. 1150 (1997).

The conclusory and unsupported allegations of the plaintiff's Complaint are clearly insufficient to state a plausible ***Bivens*** claim against the named defendants, under even the most liberal construction. While the pleading requirements of Rule 8(a) are liberal, more detail is typically required than a "bald statement by plaintiff that he has a valid claim of some type against defendant." ***Patterson v. Francis***, 2009 WL 514233 at *3 (N.D. W.Va. March 2, 2009*) (*citing ***Migdal v. Rowe Price–Fleming Int'l, Inc.,*** 248 F.3d 321, 326 (4th Cir.2001) (citation and internal quotations omitted). As this Court has previously noted: "[T]his is especially true in a ***Bivens*** action where liability is personal, and the plaintiff must specify the acts taken by each defendant which violate his constitutional rights. ***Patterson***, supra, ( citing ***Trulock v. Freeh,*** 275 F.3d 391, 402 (4th Cir.2001)**.

7

Based on the foregoing, the undersigned concludes that the plaintiff's Complaint fails to state a claim upon which relief may be granted.

### V. Recommendation

For the reasons set forth above, the undersigned recommends that the plaintiff's Complaint be **DISMISSED WITH PREJUDICE**. It is further recommended that the plaintiff's pending Motions herein be **DENIED** as **MOOT**.  [Docs. 10, 11, 12, & 18]

The petitioner shall have **fourteen days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court.  The Clerk is **DIRECTED** to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to plaintiff's last

known address as reflected on the docket sheet.

**DATED**: September 6, 2023

                                                              /s/ *James P. Mazzone*
                                                          JAMES P. MAZZONE
                                                         UNITED STATES MAGISTRATE JUDGE