IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**JAMES T. COLE, JR.,**

        Plaintiff,

v.                                   **CIVIL ACTION NO. 5:23-CV-238**
                                            Judge Bailey

**WARDEN RAY**, Warden of FCI
Hazelton, **MR. BARNES**, Case
Manager Coordinator (C.M.C.),
**UNKNOWN**, Post Master General

        Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pending before this Court for review is the Report and Recommendation ("R&R") [Doc. 19], entered by United States Magistrate Judge James P. Mazzone on September 6, 2023. Therein, the magistrate judge recommends, *inter alia*, that plaintiff's complaint [Doc. 1] be dismissed with prejudice. For the reasons that follow, this Court will adopt the R&R in its entirety.

## BACKGROUND

Plaintiff James T. Cole, Jr. is a federal inmate currently in the custody of BOP. Plaintiff's complaint stems from his allegations that his legal mail is being stolen, tampered with, and/or deliberately mishandled in violation of his First, Fourth, and Fourteenth Amendment rights. *See* [Doc. 1-1 at 2–3, 6]. According to the complaint, defendants Ray and Barnes "have control over all employees" who are charged with the handling and processing of inmate mail, and thus have "some type of control over" all the acts alleged.

1

[Id. at 2]. Plaintiff alleges that defendant Warden Ray "oversees" defendant Barnes and "has knowledge of mail issues at Hazelton." [Id. at 7]. Plaintiff further asserts that defendant CMC Barnes "oversees" the mailroom at FCI Hazelton, has failed in his duty to ensure that mail is processed properly, and that he refuses to comply with BOP policies and directives governing inmate mail. [Id. at 8]. The complaint also alleges that the defendant Postmaster General knows "for a fact" that "FCI Hazelton mailroom employees steal, delay, [and] destroy inmates legal and regular mail," and that he has "taken no steps to resolve this problem." [Id.]. According to plaintiff, the defendants' failure to "exercise the required degree of skill and care to see that inmates receive their mail-legal mail in a timely fashion" has resulted in a denial of his right to access the courts and "redress the wrongs," and is also tantamount to an "illegal seizure" of his legal mail, in violation of his constitutional rights. [Id. at 9; Doc. 1-1 at 3].

## LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." ***Orpiano v. Johnson***, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Gordon v. Leeke**, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Plaintiff untimely filed his Objections [Doc. 21] on September 25, 2023, but as a courtesy to plaintiff, this Court will consider the Objections timely. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, *de novo* review is unnecessary." **Green v. Rubenstein**, 644 F.Supp.3d 723, 730 (S.D. W.Va. 2009) (citing **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." **Williams v. New York State Div. of Parole**, 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

A party waives any objection to an R&R that lacks adequate specificity. *See* **Mario v. P & C Food Markets, Inc.**, 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendation . . . and unsupported by legal authority, [are] not sufficient." **Mario**, 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." *Id.*; *see also* Fed. R. Civ. P. 72(b); LR PL P 12.

## DISCUSSION

Plaintiff raises four (4) specific objections to the magistrate judge's R&R. This Court will address each objection in turn.

### I. Objection 1

In his first objection, plaintiff contends the magistrate judge committed error "when he dismissed plaintiff['s] complaint[.]" *See* [Doc. 21 at 2]. This contention is wrong. Rather than dismiss the complaint, the magistrate judge concluded, as a recommendation to this Court, that the complaint should be dismissed for the reasons contained in the R&R.

Plaintiff also asserts that the magistrate judge failed to construe the complaint in the light most favorable to plaintiff. [Id. at 2–3]. This Court disagrees. A cursory review of the R&R reveals that the magistrate judge carefully examined plaintiff's complaint and concluded, correctly, that plaintiff failed to satisfy the most basic threshold pleading requirements for stating a viable constitutional claim thereby subjecting his complaint to dismissal for failure to state a claim. Accordingly, Objection 1 is overruled.

4

## II. Objection 2

In his second objection, plaintiff contends that the magistrate judge erred in dismissing the complaint based on plaintiff's failure to state a claim upon which relief can be granted. This objection is overruled for the same reasons articulated as to Objection 1.

## III. Objection 3

In this third objection, plaintiff argues that the magistrate judge lacked jurisdiction to make a ruling upon the complaint because "venue was not authorized." This is a baseless objection bordering upon frivolity and is therefore overruled.

## IV. Objection 4

In his fourth objection, plaintiff takes issue with the magistrate judge's characterization of his complaint, and he argues that the complaint sufficiently alleges a constitutional claim under the Fourth Amendment pursuant to **Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics**, 403 U.S. 388 (1971). This Court disagrees. Upon review, the magistrate judge properly concluded that the Supreme Court of the United States' recent decision in **Egbert v. Boule**, 142 S.Ct. 1793 (2022) further narrowed the expansion of **Bivens**. Further, the magistrate judge noted that the Fourth Circuit has directed a "highly restrictive" analysis to be applied post-**Egbert** in deciding whether a complaint may proceed as an implied cause of action under **Bivens**. See **Tate v. Harmon**, 54 F.4th 839, 843–44 (4th Cir. 2022). In consideration of the same, the magistrate judge concluded that the initial screening of plaintiff's complaint revealed its failure to meet the threshold requirements for pleading a **Bivens** action and, therefore,

necessitated dismissal. This Court agrees entirely, and plaintiff's fourth objection is overruled.

## CONCLUSION

The R&R [**Doc. 19**] is **ADOPTED** and **AFFIRMED** in its entirety. Accordingly, plaintiff's complaint [**Doc. 1**] is **DISMISSED WITH PREJUDICE**. Plaintiff's pending Motions [**Docs. 10, 11, 12, & 18**] are **DENIED AS MOOT**.

It is so **ORDERED**.

The Clerk is directed to forward copy of this Order to all counsel of record and to mail a copy to plaintiff at his address as reflected on the docket.

**DATED:** September 27, 2023.

**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**